Curia, per
Butler, J.
It has been contended that the 7th and 8th clauses of the Act df 1839, in relation to the office of constable, prescribe the exclusive mode of proceeding against constables tor all offences. !
These provisions will, in general, be sufficient to sub-serve the ends of public justice, and to protect private right from official misconduct. But we do not think they were ever intended to deprive the Judges, of the Superior Courts of some of the powers inseparably incident to their office, such as punishing for contempt, or ordering a con *28 stable to be put under a rule to shew cause why he should not be struck from the roll for official misdemeanor, coming under the observation of the Judge himself, or which may be brought to his notice through official channels. The 7th clause of the Act contains the following words :■ “For oppression in office, whether by undue personal violence, cruelty, taking an amount of property in unreasonable proportion to the sum collected, or for any wilful misconduct, habitual negligence, habitual drunkenness, or fraud, when established to the satisfaction of a jury, on indictment, a constable shall be punished by imprisonment,” (fee. And the 8th clause is as follows: “Upon the conviction of any constable, by indictment, the Judge before whom the case may be tried, shall have power to order and declare the convict to be removed from office, whereupon his office shall be deemed vacant,” (fee. It is not made imperative on the Judge, in all cases of conviction, to remove the constable; he has the power to do so,, and, in general, it is a power which would be exercised. Removal from office need not necessarily follow conviction. This is a punishment to be superadded, at the discretion of the presiding Judge. Nor should it be concluded or necessarily inferred that a Judge’s power of removal is confined to cases in which the officer lias been convicted. Cases may be supposed in which a constable should be promptly arrested in the execution of the functions of his office» The tardy proceeding by indictment might be sufficient to punish past offences, but not to prevent future mischief; for during the pending of the indictment, the . officer might still go on ih repeating acts of official misconduct. His official functions are not ipso facto suspended by his arrest or the preferment of the indictment. It is sometimes thought odious for an individual to give information against a public officer; and for many reasons he might escape a public prosecution, when his offences ought not to escape the official cognizance of a Judge. Suppose a constable should be detected in tampering with a jury that had been committed to his charge, under an oath to keep them in some secret place. The Judge, in such case, should not be compelled to order an indictment before he could inflict punishment, or make an order -of removal from office. The dignity and decency of *29 justice would dictate a more summary vindication. Besides the instances enumerated in the Act, a constable might commit many offences calculated to degrade his office, and for which he should justly forfeit it. These will depend upon circumstances that cannot be indicated with the precision of previous definition or enumeration, but must be left to the discretion of the Judge. For these reasons, I have come to the conclusion that the remedy provided by the Act is to be regarded rather as cumulative than exclusive. A Judge will not be indifferent to its provisions, and in general will leave the officer to be tried by indictment, when that mode of proceeding would be adequate to the object. But w'e think these provisions do not supercede or impair a Judge’s common law jurisdiction over the subordinate officers of court. That jurisdiction must frequently be directed so as to prevent rather than remedy the mischief, by promptly depriving such officer of all power of doing wrong. This power of a Judge, to strike from the roll an offending constable, has been too often and too long exercised in this State as a common law right, to be now questioned, and until it is-taken away by statute, may be wholesomely exercised.
The decision of the Judge below was, no doubt, regulated by a sound discretion, and we are not disposed to interfere with it. The motion to reverse it is, therefore, refused. Motion dismissed.
O’Neall, Evans and Wardlaw, JJ. concurred.